IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JONATHAN GALLAGHER, individually and on behalf of similarly situated persons,<br><br>   Plaintiff,<br><br>v.<br><br>PALO ALTO, INC. and ROBERT ALVARADO,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:18-cv-00556<br>)<br>) Jury Demanded<br>)<br>)<br>)<br>) |

### JOINT MOTION FOR APPROVAL OF
### FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiff Jonathan Gallagher ("Plaintiff") and Defendants Palo Alto, Inc. ("Palo Alto") and Robert Alvarado (collectively "Defendants") ("Plaintiff" and "Defendants" are referred to as the "Parties"), by and through their respective undersigned attorneys, respectfully request that this Court approve their settlement of this action. In support of this Joint Motion, Plaintiff and Defendants state as follows:

1. Plaintiff in this case was a pizza delivery driver who worked for a Pizza Hut brand restaurant in the State of New Mexico. In the Complaint, Plaintiff asserted claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New Mexico Minimum Wage Act, N.M. Stat. Ann § 50(A)-22(D) (the "Lawsuit"). (*See* Complaint, ¶ 2). Plaintiff alleged, *inter alia*, that the under-reimbursement of his automobile expenses caused him to be compensated below the federal and New Mexico state minimum wage. (*See generally Id.*).

2. While this case is pled as a purported collective and class action, Plaintiff signed an arbitration agreement that contains a collective and class action waiver. Under the Supreme

Court's recent decision in *Epic Systems Corp v. Lewis*, 584 U. S. ___, 138 S. Ct. 1612 (2018), a collective action waiver in an arbitration agreement may bar a claimant's ability to pursue a 216(b) opt-in collective action under the FLSA or a Rule 23 class action for alleged unpaid overtime. *See generally Id.* (slip opinion) (upholding legal validity of collective action waivers in context of FLSA). The proposed individual settlement of Plaintiff's claims should not abridge any other individual's right to pursue a claim under applicable federal or state law and is not binding on any other purported class member.

3. In actions under the Fair Labor Standards Act, 29 U.S.C. § 216(b), such as this lawsuit, settlement agreements require judicial approval. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). Consequently, "[w]hen employees bring a private action ... under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.

4. In scrutinizing the settlement for fairness, courts consider whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees. *See Rodarte v. Bd. of Cty. Comm'rs of Bernalillo Cty.*, No. 14-CV-193 JAP/SCY, 2015 WL 5090531, at *7 (D.N.M. Aug. 28, 2015); *Lopez v. El Mirador, Inc.*, No. CV 16-01257 RB-KBM, 2018 WL 582577, at *3 (D.N.M. Jan. 26, 2018). As established below, the settlement reached by the Parties satisfies each of these factors. (*See* the Parties' Proposed Settlement Agreement, which is being submitted to the Court's email in-box for *in camera* review concurrently with the filing of this Motion).

5. As to the first factor, the Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendants asserted, and continue to assert, that they did not violate the FLSA

and that they did not fail to compensate Plaintiff for minimum wages or any overtime under the FLSA.  Defendant Robert Alvarado asserts that he cannot be held individually liable for any violation of the FLSA, if any ever occurred.

6. It is not disputed that Defendants provided drivers with a monetary payment to compensate drivers, including Plaintiff, for expenses incurred delivering food items.  Plaintiff alleges that Defendants' under-reimbursement of his actual automobile expenses caused him to be compensated below the federal minimum wage.  Defendants contend that the reimbursements paid to Plaintiff for automobile expenses and their supporting methodology account for the actual automobile expenses incurred delivering food items.

7. During the course of negotiating settlement, Plaintiff and Defendants exchanged substantial information relating to Plaintiff's employment, deliveries, mileage, and reimbursements paid for automobile expenses incurred during his employment.  Although Defendants maintain that there are viable legal defenses to the claims asserted by Plaintiff, Defendants have entered into the Agreement in order to avoid further legal expenses and additional, protracted litigation.

8. Further, Defendants deny that they failed to compensate Plaintiff for any rest or meal breaks, and that drivers otherwise performed any uncompensated off-the-clock work.  If this case proceeds to litigation, the factual issues related to any alleged off-the-clock work will be highly disputed between the Parties, requiring significant discovery and depositions before any judicial resolution could be reached.

9. Thus, the Parties' settlement resolves a bona fide dispute in this litigation without the need for, and the risks and costs associated with, additional litigation and the need to engage in separate, arbitral proceedings.

10. Turning to the second factor, the settlement reflects a fair and equitable resolution of Plaintiff's purported legal claims. Plaintiff was represented by competent counsel with extensive experience in FLSA issues, including the representation of delivery drivers for alleged under-reimbursement of automobile related expenses. Since this lawsuit was filed in June of 2018, the Parties have investigated and analyzed the facts and law and developed independent calculations of the prospective damages. After engaging in settlement negotiations over the course of several weeks, the Parties reached a fair and reasonable resolution of Plaintiff's claims.

11. The consideration under the Settlement Agreement fairly and reasonably compensates Plaintiff for his purported claims. Given the short period of time that Plaintiff worked for the restaurant and his rate of pay ($5.25/hour, including the application of a tip credit), the consideration that Plaintiff will receive under the Settlement Agreement compensates Plaintiff for his disputed claims. Even under the most liberal methodology for the calculation of automobile expenses and damages, the consideration paid to Plaintiff in the Settlement Agreement represents the full amount that the Plaintiff would have received for alleged unpaid minimum wages and overtime during his employment.

12. Accordingly, Plaintiff has represented in the Settlement Agreement that, as a result of the consideration provided by Defendants, he has been paid all minimum wages and other compensation due and owing to him during the relevant period.

13. Moreover, the proposed settlement does not bind any other individual, other than Plaintiff, to any term or condition of settlement. Thus, settlement of this matter does not adversely affect the interest of any non-party to the settlement.

14. With respect to the final factor, the proposed settlement contains an award of reasonable attorney's fees. During the course of this litigation, Plaintiff's counsel engaged in

initial fact-finding and the review of Plaintiff's claims, drafted pleadings and initiated litigation, prepared Plaintiff's litigation strategy, and negotiated and helped prepare documentation relating to settlement, amongst other activities.

15. For all the above reasons, the settlement proposed by the Parties represents a fair and equitable resolution of a bona fide dispute between the Parties, and should be approved by the Court.

**WHEREFORE**, Plaintiff and Defendants, by and through their respective undersigned counsel, respectfully request that this Court enter a stipulated order approving the settlement of Plaintiff's FLSA claims in this lawsuit.

| | |
|---|---|
| By: /s/ Joel W. Rice<br>Joel W. Rice<br>James M. Hux, Jr.<br>FISHER & PHILLIPS LLP<br>10 South Wacker Drive, Suite 3450<br>Chicago, Illinois 60606<br>Telephone: (312) 346-8061<br>Facsimile: (312) 346-3179<br>Email: jrice@fisherphillips.com<br>Email: jhux@fisherphillips.com<br><br>Stanley K. Kotovsky, Jr.<br>TINNIN LAW FIRM,<br>a professional corporation<br>P, O. Box 25207<br>Albuquerque, New Mexico 87125<br>Telephone: (505) 768-1500<br>Email: skotovsky@tinninlawfirm.com<br><br>*Attorneys for Defendants* | By: /s/ J. Forester<br>Jesse Forester<br>Matthew Haynie<br>FORESTER HAYNIE PLLC<br>1701 N. Market Street, Suite 210<br>Dallas, Texas 75202<br>Telephone: (214) 210-2100<br>Facsimile: (214) 346-5909 fax<br>Email: jay@foresterhaynie.com<br><br>*Attorneys for Plaintiff* |